**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | **Criminal Case No. 3:09cr00028-1** |
| | ) | |
| **v.** | ) | **MEMORANDUM OPINION** |
| | ) | |
| **WARREN RUCKER, II,** | ) | **By: Norman K. Moon** |
|     **Defendant/Petitioner.** | ) | **Senior United States District Judge** |

Petitioner Warren Rucker, II, a federal inmate proceeding *pro se*, filed a motion to vacate, pursuant to 28 U.S.C. § 2255, challenging the December 15, 2009 criminal judgment imposed by this court.[1]  Having reviewed the record, the court concludes that Rucker's motion is barred by the statute of limitations and that Rucker has not alleged facts sufficient to entitle him to equitable tolling.  Therefore, the court will dismiss the motion as untimely.

I.

In 2009, Rucker was found guilty after a jury trial of all ten counts in the superseding indictment against him.  He was sentenced to a total term of imprisonment of 195 months, consisting of 135 months on each of Counts One through Nine (various drug offenses), all to run concurrently, and a 60-month consecutive term on Count Ten, a firearms offense.  (Dkt. No. 65.)  Rucker appealed.  The Fourth Circuit affirmed this court's denial of Rucker's motion to suppress and affirmed the criminal judgment.  (Dkt. Nos. 81, 82.)  Later, by order entered March 5, 2015, the court entered an updated judgment reducing Rucker's  sentence on Counts One through Nine to 120 months, pursuant to Sentencing Guideline Amendment 782.  (Dkt. No. 91.)

On December 28, 2020, the Clerk received from Rucker a motion he titled as a § 2255

---

[1] Rucker has additional motions pending before the court in his criminal case, which include his motion to reduce sentence, his motion for compassionate release, and a motion to appoint counsel to assist in the compassionate release motion.  (Dkt. Nos. 101, 104, 106.)  Those motions remain pending and will be addressed in future orders.

motion.  (Dkt. No 105.)  The motion indicates that it was signed on November 27, 2020, and the court will deem it filed as of that date.[2]  The motion was conditionally filed, and Rucker was informed that his motion appeared to be untimely.  The court directed him to provide, within twenty-one days, any other information or argument as to why he believes his motion was timely filed.  That deadline has passed, and Rucker has not filed anything else.

Rucker's § 2255 motion asks the court to vacate the judgment of conviction and sentence on Count Ten, which charged him with possessing a firearm during and in furtherance of a drug trafficking crime.  He argues that the indictment was required to specify a particular drug trafficking offense, and that it did not.[3]  He further argues that the jury was instructed that to find him guilty of Count Ten, the jury had to find that he "committed the drug trafficking offense as charged in Count Nine of the indictment."  (Dkt. No. 105 at 3.)  He further argues that counsel was ineffective for failing to object to this defect in the indictment and for failing to raise the issue on appeal.  Lastly, he contends that the indictment was constructively amended through the instruction to the jury tying Count Ten to Count Nine.

With regard to the timeliness of his motion, Rucker explains that he was unaware, "[u]ntil recently, . . . that the indictment was required to set forth facts regarding the predicate drug trafficking offense."  (Dkt. No. 105 at 3.)  Thus, he claims that he could not have raised the issue sooner.

---

[2]  Rucker is entitled to the benefit of the rule in *Houston v. Lack*, 487 U.S. 266, 276 (1988), which treats a motion by a prisoner as filed on the date it is deposited into his institution's mail.  The court notes that the docket also includes a staff note indicating that the motion was faxed to the Clerk and received on December 14, 2020, but returned to Rucker because the Clerk does not accept faxed documents.

[3]  The superseding indictment referenced two dates when Rucker possessed the firearm at issue.  Counts Seven and Eight charged drug offenses committed on one of those dates; Count Nine charged a drug offense on the second.  (Dkt. No. 20.)

II.

A motion under 28 U.S.C. § 2255 must be brought within one year from the latest of the following: (1) the date on which the sentence under attack became final, (2) the removal of some governmental impediment to filing the motion, (3) the date on which the legal predicate for the motion was initially recognized by the United States Supreme Court, or (4) the date on which the factual predicate for the motion could have been discovered through the exercise of due diligence. *See* 28 U.S.C. § 2255(f). For purposes of the one-year limitations period under § 2255(f)(1), the defendant's conviction becomes final when the last appeal is decided or the time to file such an appeal expires. *United States v. Johnson*, 203 F.3d 823, 2000 WL 37753, at *1 (4th Cir. 2000) (unpublished table decision); *cf. Clay v. United States*, 537 U.S. 522, 528 (2003) (holding that where a petition for certiorari is not filed after a court of appeals decision, the conviction is final when the time for filing the petition expires).

At the conclusion of his direct appeal before the Fourth Circuit on July 6, 2010, Rucker did not file a petition for writ of certiorari with the Supreme Court. His conviction became final on October 4, 2010, when his time to file that petition expired. Thus, he had until October 4, 2011 to file a timely § 2255 motion. However, Rucker did not file his § 2255 motion until more than nine years after the statute of limitations expired. Therefore, Rucker's § 2255 motion is untimely under § 2255(f)(1).

Rucker does not present any grounds to show that his motion should be deemed timely under any of the other subdivisions of § 2255(f).[4] Instead, Rucker's arguments as to timeliness seem to request equitable tolling. A district court may apply equitable tolling only in "those rare

---

[4] Rucker's claim that he did not know of the requirements regarding the indictment refers to a legal issue, not a factual one. Thus, § 2255(f)(4) is not applicable. *United States v. Caro*, 683 F. App'x 232, 233 (4th Cir. 2017) (explaining that under § 2255(f)(4), the time "begins when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance") (citation omitted); *see also McCollum v. United States*, No. 7:01-CR-136-BR, 2013 WL 11319179, at *1 (E.D.N.C. June 19, 2013) (collecting authority explaining that legal decisions are not facts for purposes of § 2254(f)(4)).

instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Whiteside v. United States*, 755 F.3d 180, 184 (4th Cir. 2014) (*en banc*) (citations omitted).  A petitioner seeking equitable tolling must demonstrate that (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance beyond his control stood in his way and prevented timely filing.  *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citation omitted).  The petitioner "bears a strong burden to show specific facts" which demonstrate that he fulfills both elements of the test.  *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (quoting *Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008)).

Rucker argues that the court should toll the statute of limitations because he did not know about the purported requirement that the indictment reference the predicate drug offense expressly.  These circumstances are not so extraordinary as to warrant equitable tolling.  As the Fourth Circuit has explained, "even in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling."  *See United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004).  In *Sosa*, the court rejected the petitioner's request for equitable tolling, noting that his "misconception about the operation of the statute of limitations is neither extraordinary nor a circumstance external to his control."  *Id.*  The same is true here.  Rucker's ignorance about the law does not entitle him to equitable tolling.

Because Rucker has not demonstrated any ground for equitable tolling of the statute of limitations, the court will dismiss Rucker's § 2255 motion as untimely filed.  An appropriate order will be entered.

**ENTER**:  This 28th day of January, 2021.

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE