UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 3:09-cr-00028 |
| v. | MEMORANDUM OPINION |
| WARREN RUCKER, II,<br>        *Defendant.* | JUDGE NORMAN K. MOON |

    In 2009 Warren Rucker was tried by jury and found guilty on all ten counts of a superseding indictment. Dkt. 53. He was subsequently sentenced to a total term of 195 months, consisting of 135 months on each of Counts One through Nine (various drug offenses), all to run concurrently, and a 60-month consecutive term on Count Ten (a firearms offense). Dkt. 65. Later, in March of 2015, the Court entered an updated judgment reducing Rucker's sentence on Counts One through Nine to 120 months pursuant to Sentencing Guidelines Amendment 782. Dkt. 91.

    Then, in February of 2019, Rucker filed a *pro se* motion requesting appointment of counsel to file for resentencing under § 404(b) of the First Step Act. Dkt. 94. The Court subsequently appointed the Federal Public Defender ("FPD") for that purpose pursuant to Standing Order 2019-1. Dkts. 96, 97. After the FPD provided notice of no additional filing, Dkt. 99, the Court denied as moot Rucker's motion for appointment of counsel. Dkt. 100.

    Several months later, Rucker filed a subsequent *pro se* motion requesting the same relief: appointment of counsel to file a motion under § 404(b) of the First Step Act. Dkt. 101. That motion will be denied as duplicative of the motion filed at Dkt. 94.

A few months later still, Rucker filed three more motions—these indistinguishable in every respect save the designation under which they were filed. The first, Dkt. 104, was styled as a motion for compassionate release. The second, Dkt. 105, as a motion to vacate under 28 U.S.C. § 2255. And the third, Dkt. 106, as a motion to appoint counsel.

This volley of requests is driven by a perceived error in Count Ten of the superseding indictment, which charges Rucker with possessing a firearm in furtherance of a drug trafficking crime. Dkt. 20 p. 5. Rucker argues that Count Ten is improper because it does not specifically identify an underlying drug trafficking offense—it only references conduct occurring "on or about June 8, 2009, and June 9, 2009." *Id*. Rucker correctly points out that several of the indictment's drug counts answer this description. Count Seven and Count Eight charge drug offenses committed on or about June 8. *Id*. at 4. And Count Nine charges a drug offense that occurred on or about June 8 and June 9. *Id*. Rucker further argues that the indictment was constructively amended in violation of the Fifth Amendment when the jury was instructed to find Rucker guilty on Count Ten only if it found "that the Rucker committed the drug trafficking offense as charged in Count Nine of the indictment." Dkt. 49-1 p. 29. Lastly, Rucker argues that he was deprived of the effective assistance of counsel guaranteed by the Sixth Amendment when his attorney failed to object to these defects and to raise the issue on appeal.

Rucker's § 2255 motion was denied as untimely. *See* Dkt. 109. However, the Government was ordered to respond to the motion styled as a motion for compassionate release. Dkt. 110. When the Government declined to do so, the Court directed the FPD to state whether it intended to file any supplemental briefing in support of Rucker's compassionate release motion. Dkt. 116. Accordingly, Defendant's motion styled as a motion to appoint counsel, Dkt. 106, will be denied as moot.

The FPD in fact did file a brief supplementing Rucker's compassionate release argument. Dkt. 117. But it only added that Rucker's youth at the time of his conviction and the fact that he has already served the vast majority of his term both support finding "extraordinary and compelling reasons" for a sentence reduction. Dkt. 117. The Court then directed the Government to file a response to the FPD's supplemental filing. Dkt. 118. The Government filed its response in September of 2021. Dkt. 119.

The Government first argued that Rucker cannot obtain compassionate release because he has not exhausted his administrative remedies. However, Rucker stated in his motion that he submitted a written request to the Bureau of Prisons and waited the required 30 days for a response. *See* 18 U.S.C. § 3582(c)(1)(A).

The Government's next argument—that the errors identified by Rucker do not amount to "extraordinary and compelling reasons" for a sentence reduction—is more availing.

Subject to a few statutory exceptions, a district court may not "modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). The so-called compassionate release exception provides an avenue for reduction of a previously imposed sentence where the court finds such reduction warranted by "extraordinary and compelling reasons." *Id*. § 3582(c)(1)(A)(i). As revised by the First Step Act of 2018, the compassionate release provision authorizes courts, upon motion of the defendant, to "reduce the term of imprisonment . . . [1] after considering the factors set forth in section 3553(a) to the extent that they are applicable, [2] if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and [3] [if it finds] that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id*. The third requirement was significantly softened by the Fourth Circuit's holding that "there currently exists no 'applicable policy statement[]'" that governs a

defendant's motion for compassionate release. *United States v. McCoy*, 981 F.3d 271, 281 (4th Cir. 2020).

"Thus, as it currently stands, a court may find a defendant who filed a motion [for compassionate release] eligible for a sentence reduction after finding only that such reduction is warranted by extraordinary and compelling reasons, which are not statutorily detailed." *United States v. High*, 997 F.3d 181, 186 (4th Cir. 2021). "Yet, those reasons may not be totally without definition." *Id*. While the policy statements contained in United States Sentencing Guidelines § 1B1.13 do "not apply to defendant-filed motions under" the compassionate release statute, they remain "helpful guidance even when motions are filed by defendants." *McCoy*, 981 F.3d 282; *Id*. at n.1.

The Court does not find anything extraordinary or compelling about Rucker's indictment, jury instructions, representation, age at sentencing, or the duration of time he has served. Neither do these circumstances implicate any of the policy statements contained in § 1B1.13. Indeed, far from being extraordinary, Rucker's arguments are typical of 28 U.S.C. § 2255 motions. But the procedural hurdles for § 2255 relief are exceedingly, and intentional, rigorous—as Rucker discovered when his identical § 2255 motion was denied for failing to comply with that provisions' statute of limitations. It bears considering that a successful invocation of the compassionate release statute in these circumstances would thus allow Rucker to circumvent the one-year limitations period, and a host of other limitations that promote the judicial system's interest in finality, to present the *exact same* arguments that the Court has already determined he may not bring under § 2255. *See Duncan v. Walker*, 533 U.S. 167, 179 (2001) (explaining that the "1-year limitation period" of § 2255's companion statute for state prisoners "quite plainly serves the well-recognized interest in the finality of state court judgments.").

In its current formulation, the Fourth Circuit's test for applying the compassionate release statute is stunningly broad. Yet the Fourth Circuit has not gone so far as to endorse the use of compassionate release to remedy errors in a trial process. And while consideration of a defendant's youth at the time of his offense has been deemed a proper factor supporting reduction under the compassionate release statute, *see McCoy*, 981 F.3d at 286, nowhere does the caselaw indicate that youth alone is a sufficient basis for a sentence reduction absent some other factor that could, on its own, constitute an "extraordinary and compelling" reason for relief.

Finally, Rucker would not prevail even if the Court were to deem it appropriate to consider the merits of his arguments. "[T]he government is under no obligation to specify a specific predicate offense in a § 924(c) charge." *United States v. Randall*, 171 F.3d 195, 205 (4th Cir. 1999). Moreover, a constructive amendment to an indictment occurs when the government or the court "*broadens* the possible bases for conviction beyond those presented by the grand jury." *United States v. Floresca*, 38 F.3d 706, 710 (4th Cir. 1994) (en banc) (emphasis added). But here the Court's instruction *narrowed* the basis for conviction by requiring the jury to rely on Count Nine as the predicate offense. Finally, Rucker's counsel cannot be ineffective for his failure to object to the indictment or the Court's instruction because there was nothing improper about either.

Accordingly, Dkts. 101, 104, and 106 will be denied.[1]

---

[1] The Government, in its brief in opposition, Dkt. 119, as well as Rucker in his reply, Dkt. 120, debate Rucker's entitlement to a sentence reduction under § 404(b) of the First Step Act. There is no currently pending motion for resentencing under § 404(b). The Court declines to take up the issue on its own motion because Rucker is already serving the mandatory minimum sentence of 120 months on Count One and 60 months on Count Ten, neither of which are implicated by the First Step Act. *See United States v. Gravatt*, 953 F.3d 258, 264 n.5 ("Even if a defendant's sentence involves a covered offense, the district court's review of a defendant's First Step Act motion cannot avoid [the statutory mandatory minimum terms that remain in effect for other offenses]." The Court is also concerned that doing so would be unfair to Rucker, given the

The Clerk of the Court is hereby directed to send a certified copy of this order to Rucker, counsel for the United States, and the Federal Public Defender.

Entered this 21st day of April 2022.

_____
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE

---

emphasis the Fourth Circuit has placed on individualized assessment of the § 3553(a) factors, *see e.g.*, *United States v. Webb*, 5 F.4d 495, 498–99 (4th Cir. 2021), which Rucker has not had an opportunity to brief.